**Manuel Antonio RIVERA-AYALA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72928.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 24, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Manuel Antonio Rivera–Ayala, Arleta, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Alison R. Drucker, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

## MEMORANDUM **

Manuel Antonio Rivera–Ayala, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

■ We lack jurisdiction to consider petitioner's CAT claim because he failed to argue the claim in his brief to the BIA and therefore failed to exhaust the claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). We therefore dismiss petitioner's CAT claim.

We have jurisdiction to review petitioner's remaining claims under 8 U.S.C. § 1252. We review the IJ's and BIA's decision for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the remaining claims.

■ Substantial evidence supports the IJ's and BIA's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution based on an enumerated ground. Because petitioner testified that gang members threatened to kidnap him to extort money from his father, and there was no evidence that any mistreatment that he experienced from such gang members occurred on account of an enumerated ground, petitioner fails to establish eligibility for asylum. *See id.*

Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.